IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MARTA M. VELAZQUEZ ) | |
| ) | |
| Plaintiff ) | Civil Case No. 2010/90 |
| ) | |
| v. ) | |
| ) | |
| AMERICAN AIRLINES, ABC, and XYZ ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OPINION AND ORDER GRANTING AMERICAN AIRLINES'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE
DEFINITE STATEMENT**

Finch, Senior Judge

THIS MATTER is before the Court on Defendant American Airlines' Motion to Dismiss Or, In The Alternative, Motion For More Definite Statement.  For the reasons discussed below, the Court grants Defendant's Motion to Dismiss.

**I.      Background**

On September 20, 2009, Plaintiff Marta Velazquez was at the San Juan International Airport in San Juan, Puerto Rico.  (Compl. ¶4)  As she approached the Customs and Immigration area, she walked onto an escalator "when all of a sudden and without a warning after having gotten on it, the escalator came to an abrupt stop, it jerked and then began marching backwards as if it was coming down, thus throwing the plaintiff without warning to the ground." (*Id*. ¶ 5)  As a result of being thrown to the ground, Plaintiff injured her neck, back, shoulders, hips, and legs.  (*Id*. ¶ 6)  Plaintiff alleges that Defendant American Airlines is responsible for the malfunctioning escalator and seeks damages from it. (*Id*. ¶¶ 6-7)

## II. Analysis

Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff has failed to state a claim for relief. When presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Thomas v. Rijos*, __F. Supp. 2d__, 2011 WL 1637471, at *2 (D.V.I. April 29, 2011) (Finch, J.) (citing *Acosta v. Hovensa, LLC*, 53 V.I. 762, 770 (D.V.I. 2010)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

"A district court may grant the motion to dismiss only if, accepting all factual allegations as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Thomas*, 2011 WL 1637471 at *2 (quoting *Acosta*, 53 V.I. at 770). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, __U.S.__, 129 S. Ct. 1937, 1950 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 (3d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

Defendant argues that Plaintiff has failed to plead facts sufficient to show that it caused or is responsible for her injuries. Defendant continues that, even though Plaintiff's complaint is styled as an "Action for Damages and Product Liability," (*see* Compl., p.1), Plaintiff does not

2

plead facts supporting negligence or product liability causes of action. Defendant also claims that it cannot determine what affirmative defenses it needs to raise or whether there are necessary or indispensable parties that must be joined because Plaintiff's Complaint is too vague regarding her theory of liability.

After reviewing the Complaint, the Court agrees with Defendants that Plaintiff has not sufficiently pleaded either a negligence or product liability claim. "To state a claim for negligence in the Virgin Islands, a plaintiff must allege (1) a duty; (2) a breach of that duty; (3) causation; and (4) damages." *Matos v. Nextran, Inc.,* 2009 WL 2477516, at *6 (D.V.I. 2009) (citing *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 571 (D.V.I. 2004) and *Nickeo v. Atl. Tele-Network Co.*, 45 V.I. 149, 160 (V.I. Terr. Ct. 2003)); *see also* Restatement (Second) of Torts § 281 (1965) (stating the elements of negligence).

Here, Plaintiff's only factual allegation concerning American Airlines responsibility for the escalator is that "the defendants herein are responsible for the malfunctioning escalator." (Compl. ¶ 7) This is the sort of conclusory statement and legal conclusion that *Iqbal* and *Twombly* instruct courts to ignore. *See Iqbal*, 129 S. Ct. at 1954; *Thomas,* 2011 WL 1637471, at *2. In other words, the Complaint lacks factual content sufficient to plausibly show that *American Airlines* is responsible for Plaintiff's injuries. *Sheridan,* 609 F.3d at 263 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Iqbal*, 129 S. Ct. at 1949).

Plaintiff responds that documents attached to his opposition show that American Airlines was responsible for maintaining the elevator, including a letter from the San Juan International Airport to Plaintiff stating that:

3

> Our investigation showed that the area where you have informed this accident occurred, the escalator that leads to the Immigration Department from American Eagle arrivals gate, is under the care, custody, and control of American Airlines/American Eagle. The maintenance of this area, including the escalator, is responsibility [sic] of American Airlines/American Eagle.

(Doc. 7-1)

On a motion to dismiss, however, the Court may not consider documents attached to Plaintiff's opposition, unless they are "integral or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations and quotations omitted); *Glasgow v. Veolia Water North America Operating Services LLC*, 2010 WL 3780966, at *2 (D.V.I. 2010) (Finch, J.) (declining to consider affidavits and letters attached to opposition to motion to dismiss because they were not integral to or explicitly relied on in the complaint). These documents are not integral to nor relied upon in the Complaint. Furthermore, even if the Court accepted this letter as being part of the Complaint, there are no facts showing the basis for Defendant's duty to Plaintiff, how Defendant breached that duty, or how that breach proximately caused Plaintiff's injuries.

Similarly, Plaintiff has not alleged facts that, if true, plausibly show that American Airlines is liable to Plaintiff under a products liability theory. To state a cause of action for strict products liability in the Virgin Islands, a plaintiff must allege "(1) the existence of a defect, (2) in an unreasonable dangerous condition, (3) which proximately causes the injury." *Bodley v. Foster Wheeler Energy Corp.*, 2011 WL 1576673, at *2 (D.V.I 2011) (citing *Matos,* 2009 WL 2477516, at *6; *see also Murray v. Fairbanks Morse*, 610 F.2d 149, 154 (3d Cir. 1979) (same); Restatement (Second) of Torts § 402A (1965). Here, Plaintiff has not alleged facts supporting any of these elements. Moreover, Plaintiff has not alleged facts showing a relationship between American Airlines and the escalator sufficient to hold it liable under a products liability theory.

4

*See, e.g., Bodley,* 2011 WL 1576673, at *2 ("[T]he plaintiff must establish that the defendant was 'engaged in the business of selling' the product and that the product reached the user without a 'substantial change' in condition to that in which it was sold.") (citing *Matos,* 2009 WL 2477516, at *6).

### III.   Conclusion

For the reasons stated above, it is hereby

**ORDERED** that Defendant's Motion Requesting Order is **GRANTED**;

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**;

**ORDERED** that Plaintiff has thirty days from the date of this Order to file an Amended Complaint.

**ENTERED:**


Dated: August 18, 2011           _____/s/_____
                                 RAYMOND L. FINCH
                                 SENIOR U.S. DISTRICT JUDGE